UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEMETRIUS COCHRAN,                 )
                                   )
   Plaintiff,                      )
                                   )
vs.                                )    Case No. 4:24-cv-04073-MMM
                                   )
MARTIN MATHERLY, *et al.*,         )
                                   )
   Defendants.                     )

## MERIT REVIEW ORDER

Plaintiff is proceeding *pro se* on a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Hill Correctional Center.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff seeks to sue Adjustment Committee Chairperson Martin Matherly, Hearing Committee member Tyler Garza, and Hill Correctional Center. Plaintiff alleges he was charged with infractions 208, 308, and 402. The charges were dismissed, but then more than 14 days later Defendants found him guilty of the charges, in violation of procedures. Plaintiff was sent to segregation for four months, C Grade for three months, and was transferred to Lawrence Correctional Center. Based on the attachments to Plaintiff's complaint the charges were later expunged due to the irregularities in the process of conviction.

## ANALYSIS

Plaintiff's due process allegations against Matherly and Garza do not state a claim. "When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation like suicide watch or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (holding that the plaintiff's six months and one day in disciplinary segregation did not implicate liberty interest because he was allowed yard time and weekly showers and was not deprived of all human contact or sensory stimuli); *see also Singh v. Gegare*, 651 F. App'x 551, 555 (7th Cir. 2016) (concluding that the plaintiff's 105 days in disciplinary segregation did not implicate liberty interest because "he was permitted several hours

of yard time and several showers each week, as well as authorized to leave his cell for visits and appointments"). Here, Plaintiff has not alleged that his conditions in segregation were particularly harsh compared to ordinary prison life, which is, by definition, already harsh and difficult. And the fact that the charges were expunged indicates that the process did, in fact, resolve in Plaintiff's favor, indicating that he did receive effective process, if after more time than he would have preferred.

Plaintiff does not state a claim against Hill Correctional Center because a building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

## MOTION TO REQUEST COUNSEL

Plaintiff requests assistance from the Court in obtaining counsel.

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

In analyzing the second step, a court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history

if information on those topics is before the court. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

Here, Plaintiff has made a reasonable attempt to secure counsel.

The Court finds Plaintiff competent to represent himself at this early stage of his case. Plaintiff's handwriting is clear and well organized. His complaint is to the point and well written. He has some high school education and does not report any mental health issues. The legal difficulty of Plaintiff's claim is relatively low as federal litigation goes. Plaintiff may renew his motion later, if he chooses to amend and if the case proceeds, and if he believes he has encountered difficulties in preparing his case that require the assistance of a lawyer.

**IT IS THEREFORE ORDERED:**

1. **Motion to Request Counsel [5] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim. Plaintiff will be allowed 21 days to file an amended complaint if he believes he can do so, and state a claim in good faith and consistent with this order. If Plaintiff does not amend then the suit will be dismissed without prejudice.**

Entered this 27th day of December, 2024.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE